ACCEPTED
06-14-00223-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/5/2015 5:24:11 PM
DEBBIE AUTREY
CLERK

IN THE COURT OF APPEALS

SIXTH DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/6/2015 8:04:00 AM
DEBBIE AUTREY
Clerk

TEXARKANA, TEXAS

DALE DEWYANE FISHER
     Appellant

Vs                          06-14-00223-CR

THE STATE OF TEXAS
     Appellee

---

ON APPEAL FROM

THE 115TH JUDICIAL DISTRICT COURT

OF GREGG COUNTY, TEXAS

TRIAL COURT NO. 16,741

---

BRIEF ON BEHALF OF APPELLANT

---

TIM CONE
State Bar #04660350
P.O. Box 413
Gilmer, Texas 75644
(903) 725-6270
e-mail: timcone6@aol.com

ATTORNEY FOR THE APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

DALE DEWYANE FISHER
TDCJ #1972882
COFFIELD UNIT TDCJ
2661 F.M. 2054
TENNESSEE COLONY, TEXAS 75884
APPELLANT

CRAIG BASS
P.O. BOX 428
LONGVIEW, TEXAS  75606-0428
APPELLANT'S COUNSEL AT TRIAL

BILLY BYRD, UPSHUR COUNTY CRIM. DIST. ATTORNEY
405 N. TITUS
GILMER, TEXAS  75644
APPELLEE'S COUNSEL AT TRIAL

TIM CONE
P.O. BOX 413
GILMER, TX  75644
APPELLANT'S COUNSEL ON APPEAL

NATALIE A. MILLER
UPSHUR COUNTY ASSIST. CRIM. DIST. ATTORNEY
405 N. TITUS
GILMER, TEXAS  75644
APPELLEE'S COUNSEL ON APPEAL

# **TABLE OF CONTENTS**

Page No.

List of Parties and Counsel……………………………………………. 2

Table of Contents……………………………………………………. 3

Index of Authorities…………………………………………………… 4

Statement of the Case…………………………………………………. 6

Point of Error Number One…………………………………………… 7,10

The trial court erred in denying Appellant's Motion to Suppress.

Statement of Facts……………………………………………………. 7

Summary of Argument………………………………………………. 10

Conclusion and Prayer……………………………………………….. 13

Certificate of Compliance……………………………………………. 14

Certificate of Service………………………………………………… 14

# INDEX OF AUTHORITIES

PAGE

**CONSTITUTIONS:**

4TH Amendment, U.S. Constitution…………………………          10,11

**U.S SUPREME COURT CASES**:

Ohio v. Robinette, 519 U.S. 33 (1996)………………………          11
Rodriguez v. United States, Case No. 13-9972 (2015)………          13

**STATE CASES:**

Davis v. State, 947 S.W.2d 240 (Tex.Crim.App 1997)……………….  12
Ford v. State, 158 S.W.3d 488 (Tex.Crim.App. 2005)……………….. 13
Freeman v. State, 62 S.W.3d 883 (Tex.App. Texarkana 2001)……….  12
Kothe v. State, 152 S.W.3d 54 (Tex.Crim.App. 2004)……………….. 12
Richardson v. State, 402 S.W.3d 272 (Tex.App.Fort Worth 2013)…...  12
State v. $90,235.00, 2014WL 5798173………………………………  12
Thomas v. State, 420 S.W.3d 195 (Tex.App.Amarillo 2013)………..  12

NO. 06-14-00223-CR

IN THE

COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

DALE DEWYANE FISHER,
                              APPELLANT
                    VS.

THE STATE OF TEXAS
                              APPELLEE

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, the Appellant by and through his Attorney, namely Tim Cone, hereinafter referred to as Appellant, and submits this brief in support of reversing the judgment and sentence pursuant to the provisions of the Texas Rules of Appellate Procedure in Cause No. 06-14-00223-CR in the 115th Judicial District Court of Upshur County, Texas, (Trial Court Cause No. 16,741).

## <u>STATEMENT OF THE CASE</u>

The Appellant was indicted by the Upshur County Grand Jury on May 9, 2014, in a two paragraph indictment setting out an allegation of Possession of a Controlled Substance (methamphetamine) with Intent to Deliver (4-200 grams) in paragraph A. Paragraph B set out an allegation for the same offense without the allegation of "intent to deliver". CR5. The Appellant filed a First Amended Motion to Suppress on October 13, 2014. CR25. A hearing was held on that motion on October 14, 2014. 2RR. The trial court denied the motion on October 21, 2014. CR39. A jury was selected in the case on November 10, 2014, and trial began (and ended) on November 12, 2014. 3RR, 4RR. The jury convicted the Appellant of Possession with Intent to Deliver and, after a plea of "true" to one enhancement allegation, assessed punishment at 75 years confinement and a fine of $10,000. CR87, 4RR236, 4RR317. The Appellant now brings this appeal to reverse the conviction and sentence assessed.

For clarity, THE STATE OF TEXAS will be referred to as "the State", and Dale Dewyane Fisher will be referred to as "Defendant" or "Appellant."

**ISSUES PRESENTED**

**POINT OF ERROR NUMBER ONE**

The trial court erred in denying Appellant's Motion to Suppress.

**STATEMENT OF THE FACTS**

Since sufficiency of the evidence is not a point of error, a fairly short rendition of the facts will suffice. The record on the hearing on the Motion to Suppress is, perhaps, the most important part of the record but some of the trial record is significant, as well. The Appellant's Motion to Suppress essentially attacked to prolonged detention of the Appellant after the stated reason for the stop (by the arresting officer) was concluded. CR25. The hearing on the motion included the same

type of motion filed by the Appellant's passenger in the vehicle and co-defendant, so the record of the hearing includes attorney Barry Wallace, attorney for the co-defendant. 2RR. There seemed to be some confusion as to the burden of proof in the hearing but, after the discussion, the State went forward-presumably, with the trial court ruling the State had the burden of proof. 2RR4-8. There was no warrant for the stop. 2RR7. The State's sole witness at the hearing was the arresting officer, Sheriff Deputy David Thompson. 2RR8. The deputy's testimony established that he was essentially a narcotics investigator and was a K-9 unit, with a drug sniffing dog in his vehicle.2RR9,10,30;4RR161. He stopped the vehicle driven by the Appellant on the night of December 30, 2013, for having an improper license plate bulb that, in essence, shown too brightly.2RR11,18. Although the Appellant could not locate his driver's license, it was determined he had a valid license.2 RR19,40. The passenger had a valid Texas ID card.2RR21. The deputy determined that neither of the subjects had active warrants but that both had criminal histories that included drug arrests. 2RR23,25.Neither subject acted in an unusual manner and both were calm, according to the Deputy's testimony. 2RR24,25. The deputy testified he had not seen anything suspicious and smelled no drugs at this time. 2RR25,29. However, the deputy decided the stop was not over. 2RR26,41. He had the Appellant get out of the vehicle and, at this time, he testified he smelled marijuana on the Appellant-even though he had not smelled the odor earlier when in close proximity to the Appellant. 2RR26,28,29. He

also testified the Appellant was now sweating when he had not been sweating earlier. 2RR27.The narcotics officer then asked for consent to search the vehicle and the Appellant denied consent. 2RR30. The narcotics deputy then retrieved his drug sniffing dog and went to the vehicle. 2RR30-33. He testified the dog alerted on the vehicle, the dog was then allowed to enter the vehicle by the deputy and alerted inside the vehicle. 2RR32,33. In the center console area, the deputy found methamphetamine, a pistol, pills, and what the deputy testified was counterfeit currency. 2RR33,34. The Appellant and the passenger were arrested. The deputy testified he could have issued a warning or citation for the traffic violation and ended the stop without the prolonged detention but that his continued detention was based on the criminal histories of the subjects and his belief that the highway travelled by the subjects was a major corridor for transporting narcotics. 2RR41. He also testified he rarely issued citations and his focus was narcotics investigation. 4RR161.

At trial, the deputy's testimony was essentially the same with the omission of the criminal testimony, which would have been inadmissible before the jury. Appellant's trial counsel re-urged his Motion to Suppress and was granted a running objection regarding the issues addressed and denied by the trial court relating to the motion. 4RR110,154. The State called other witnesses-such as the chemist, property officer, and others but their testimony is not relevant to the issue presented. As stated earlier, the Appellant was found guilty of Possession with intent to deliver and, after

pleading "true" to one enhancement paragraph, sentenced to 75 years confinement in prison and assessed a fine of $10, 000. 4RR236,243,245,317.

## SUMMARY OF THE ARGUMENT

The reason for the stop by the deputy was for a minor traffic violation. Once the reason for the stop was concluded, it was determined that the driver had a valid driver's license, that no warrants existed for any subject in the vehicle, the further detention and investigation/interrogation by the narcotics officer was without authorization. The prolonged detention and investigation is the very type that violates the Fourth Amendment to the U.S. Constitution and applicable Texas law. The trial court should have granted the Motion to Suppress. It was error not to do so.

## POINT OF ERROR NUMBER ONE

The trial court erred in denying Appellant's Motion to Suppress.

## ARGUMENT

The deputy clearly testified his job was not to write "tickets" but to investigate narcotics. He was trained in narcotics investigation-- it was his primary duty as a

deputy-- and he carried his drug sniffing dog in the car with him. It was a sham to suggest the deputy was concerned about a license plate light that was too bright. He simply used that as an excuse to stop the Appellant. Even so, had reasonable, articulable suspicion existed before his given reason for the stop had been concluded, prolonged detention and investigation may have been warranted. Here, it clearly was not. Once the deputy determined that the driver had a valid driver's license, that there were no warrants for any person in the vehicle, the justification for the stop was concluded and, unless he wanted to issue a citation or warning, the Appellant should have been released. The deputy never testified he intended to issue a warning or citation. The deputy had no justification for detaining the Appellant or removing him from the vehicle. The reasons the deputy gave for his aroused suspicion-the sweating and odor of marihuana-would never have occurred. The deputy testified the reason for his continued detention of the Appellant was the criminal record and his belief that the highway was a corridor for narcotics, since Houston (the point of origination for the Appellant's trip) was a major hub for narcotics. Perhaps even more obnoxious to the freedom guaranteed under the concept of the Fourth Amendment, the deputy did not use his dog until after the Appellant denied consent to search the vehicle, a right clearly available to any citizen. The deputy used this invocation of a right to decide to prolong the detention and instigate a search and investigation. This is the very sort of evil fishing expedition Justice Ginsburg warned of in Ohio v. Robinette,

519 U.S. 33 (1996). Under that authority and Kothe v. State, 152 S.W. 3d 54 (Tex.Crim.App. 2004), this prolonged detention and investigation was not authorized. These authorities stand for the proposition that when the reason for the stop is concluded it is unauthorized to prolong the detention in the hope of finding another crime. Stops by police should last no longer than the time required to conclude the reason for the stop and should be as short as possible. State v $90,235.00, 2014WL 5798173; Thomas v. State, 420 S.W.3d 195 (Tex.App. Amarillo 2013); and Richardson v. State, 402 S.W.3d 272 (Tex.App. Fort Worth 2013). This concept was also recognized in Davis v. State, 947 S.W.2d 240 (Tex.Crim.App. 1997). An interesting contrast to show the difference between this prolonged detention and an appropriate detention exists in Freeman v. State, 62 S.W.3d 883 (Tex.App. Texarkana 2001), where the officer smelled marihuana before the reason for the stop was concluded. There, the prolonged detention was authorized. Here, the deputy testified he did not smell marihuana until after the reason for the stop was concluded and the prolonged detention was not authorized. This Motion to Suppress should have been granted. The error was properly preserved by Appellant's trial counsel at trial. It is clear that the State would have no evidence of the crime alleged except for the improper prolonged detention that led to the unauthorized search and subsequent seizure. The applicability of a recent U.S. Supreme Court case, while not precisely on point, does suggest that prolonged detentions (especially, those involving drug

sniffing dogs) violate the 4th Amendment. <u>Rodriguez v. United States</u>, case no. 13-9972 (2015).

While it really does not matter much, Appellant's attorney was a little confused as to the discussion at the beginning of the hearing on the Motion to Suppress that related to the burden of proof at the hearing. It has long been the law, according to the understanding of the Appellant's attorney, that warrantless searches that are challenged always place the burden of proof on the State. <u>Ford v. State</u>, 158 S.W.3d 488 (Tex.Crim.App. 2005). The trial court allowed the State to proceed in the hearing, so, as previously stated, it really does not make much difference. It just seemed a little surprising that the issue was even raised at the hearing.

## CONCLUSION AND PRAYER

For the reasons herein alleged, the judgment and sentence of the trial court should be reversed and remanded for a new trial, finding the trial court erred in failing to grant the Appellant's Motion to Suppress.

Respectfully submitted,

/s/Tim Cone

_____

TIM CONE
Attorney At Law
P.O. Box 413
Gilmer, Texas  75644

e-mail: timcone6@aol.com
ATTORNEY FOR APPELLANT

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 1434 words.

/s/Tim Cone

_____

TIM CONE
ATTORNEY FOR APPELLANT

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Appellant's Brief has been provided to the Honorable Natalie A. Miller, Upshur County Assistant Criminal District Attorney on May 5, 2015.

/s/Tim Cone

_____

TIM CONE
Attorney At Law